**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RICHARD L. HARRELL, 766640,**     ) | |
|             **Petitioner,**     ) | |
|                                  ) | |
| **v.**                           ) | No. 3:04-CV-0859-D |
|                                  ) | |
| **DOUGLAS DRETKE, Director, Texas**  ) | |
| **Department of Criminal Justice, Correctional**  ) | |
| **Institutions Division,**         ) | |
|             **Respondent.**      ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner was convicted of murder and was sentenced to 99 years confinement. *State v. Harrell* No. F95-48400-RH (Crim. Dist. Ct. No. 1, Dallas County, Tex., Oct. 17, 1996). On March 4, 1999, the Fifth District Court of Appeals affirmed the conviction. *Harrell v. State*, No. 05-96-01815-CR (Tex. App. – Dallas 1999, pet ref'd).

On April 24, 2002, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Harrell*, Application No. 53,067-01. In his petition, Petitioner argued that he should be allowed to file an out-of-time petition for discretionary review ("PDR"). On August 21, 2002, the Court

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

of Criminal Appeals granted Petitioner the right to file an out-of-time PDR.  On December 4, 2002, the Court of Criminal Appeals refused Petitioner's PDR.  *Harrell v. State*, PDR No. 1662-02.

On January 3, 2003, Petitioner filed a second state petition for habeas review.  *Ex parte Harrell*, Application No. 53,067-02.  On July 2, 2003, the Court of Criminal Appeals dismissed the petition because his direct appeal was still pending at the time he filed the petition.[1]

On September 2, 2003, Petitioner filed a third state petition for habeas review.  *Ex parte Harrell*, Application No. 53,067-03.  On February 11, 2004, the Court of Criminal Appeals denied the petition without written order.

On April 5, 2004, Petitioner filed this petition.  He argues: (1) he is actually innocent; (2) he received ineffective assistance of counsel; and (3) he was denied due process.  On September 2, 2004, Respondent filed a preliminary response arguing the petition is time-barred.  On September 13, 2004, Petitioner filed his traverse.  The Court now finds the petition is barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas

---

[1] The Court of Criminal Appeals issued mandate on Petitioner's PDR onFebruary 11, 2003.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On March 4, 1999, the Fifth District Court of Appeals affirmed Petitioner's conviction. Petitioner did not file a timely PDR. His conviction therefore became final thirty days later, on April 3, 1999. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

---

[2] The statute provides that the limitations period shall run from the latest of--

>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

Petitioner argues the limitations period did not begin to run until after his out-of-time PDR was denied. The Fifth Circuit, however, has stated that, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief . . . does not require a federal court to restart the running of the AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). The *Salinas* Court held that an out-of-time PDR does not restart the limitations period, but instead acts as a post-conviction habeas application to statutorily toll the limitations period until resolution of the PDR. *Id*. at 431. Petitioner therefore had one year from April 3, 1999, or until April 3, 2000, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 24, 2002, Petitioner filed his first state habeas seeking leave to file his out-of-time PDR. This state habeas petition was filed after the one-year federal limitations period expired. Likewise, Petitioner's second and third habeas petitions, as well as his out-of-time PDR, were all filed after the federal limitations period expired. These petitions, therefore, did not toll the federal limitations period.

Petitioner was required to file his § 2254 petition on or before April 3, 1999, to avoid being time-barred. Petitioner did not file his federal petition until April 5, 2004. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to tolling because his trial counsel did not inform him that his conviction had been affirmed. He therefore was not able to timely file a PDR. As the Fifth Circuit held in *Salinas*, however, mere attorney error or neglect in failing to timely inform a petitioner that his conviction has been affirmed does not constitute an "extraordinary circumstance" that justifies equitable tolling. *Salinas*, 354 F.2d at 432, *quoting Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003); *see also Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling). Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 26th day of October, 2005.

 

 

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).